IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Case No. SAG-21-00391 |
| | * | |
| DAVON JOHNSON | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * *

### MEMORANDUM OPINION

This Court has reviewed Defendant Davon Johnson's Motion for Reconsideration, ECF 95, the Government's response, ECF 105, and Defendant's Reply, ECF 113. This Court has also reviewed its Memorandum Opinion dated February 8, 2023, which it drafted and issued following the evidentiary motions hearing in this case. ECF 69. No additional hearing is necessary. For the reasons stated herein, Defendant's Motion for Reconsideration will be DENIED.[1]

Defendant's Motion for Reconsideration is premised on events that occurred after this Court's ruling. First, on April 11, 2023, Randolph Perrin, one of the arresting officers in Defendant's case, was found guilty of second-degree assault in Baltimore City Circuit Court for a September, 2022 incident involving serious domestic violence. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ The BPD terminated Perrin's employment as a result of these incidents. Defendant

---

[1] The parties will have one week to review this memorandum opinion and to suggest redactions that should be made before the opinion is publicly filed.

thus contends that aspects of Perrin's conduct relating to each of those incidents suggest that he was untruthful and deceptive at the time of Defendant's arrest.

Defendant argues that these incidents (all of which transpired after Defendant's arrest in this case) so badly undermine Perrin's credibility that this Court should reconsider its February 8, 2023, ruling. This Court acknowledges that the case against Defendant hinges on one fact involving Perrin's credibility: whether Perrin saw what he believed to be a hand-to-hand drug transaction between Defendant and a juvenile, "Ty," before Perrin stopped his vehicle and approached the scene. The remainder of the incident, following Perrin's initial observation, is captured on body-worn camera or occurred in the presence of other officers. But as to that initial observation, this Court had to decide whether to credit Perrin's testimony to determine whether the stop of the Defendant was constitutional at its inception.

Clearly, the subsequent events leading to Perrin's arrest, conviction, and termination would damage any assessment of Perrin's credibility, standing alone. But this Court's February 8, 2023, opinion acknowledged that, as of that date, there were already several reasons to question Perrin's credibility. That opinion acknowledged Perrin's pending criminal charges and suspension from the police department, his prior violations of BPD protocols, and even his violation of this Court's sequestration order during the motions hearing in this case. As a result of these serious questions, in drafting its Memorandum Opinion and in making its ruling, this Court carefully considered the evidence adduced at the motions hearing to ascertain whether the evidence captured on video and the testimony of other witnesses supported or contradicted Perrin's story. In other words, even on and before February 8, 2023, this Court recognized that there were reasons to believe Perrin might not be telling the truth and sought to use the other evidence in the case to determine whether his story was credible. For all the reasons described in that opinion, this Court concluded that Officer

Perrin genuinely believed he saw what he said he saw on the evening of March 29, 2021. Those reasons included, but were not limited to, Perrin's immediate responses and actions after passing the corner where he saw the Defendant and Ty, his decision to pursue the Defendant instead of Ty once he exited his vehicle, his contemporaneous comment to his sergeant, "I want Ty—that's who he was giving it to," and the actions of bystander civilians who knew that Defendant had a bag of narcotics in his left pocket. Those facts remain unchanged by the subsequent, unrelated incidents leading to Perrin's termination. *See United States v. Neal*, No. 4:17-cr-00255, 2019 WL 4745124, at *1 (M.D. Pa. Sept. 27, 2019) ("New evidence that impeaches a witness may be the foundation for a motion for reconsideration where there is a strong exculpatory connection between the new evidence and the basis on which the Court's decision was made."). This Court therefore ends in the same place even after considering the newly disclosed events. If this Court had to assess Perrin's credibility in a vacuum, based only on his personal characteristics and inherent believability, the new incidents would move the needle further from a finding that his testimony was credible. But this case does not rest on his credibility in a vacuum. Corroborating circumstances still persuade this Court that, on March 29, 2021, Perrin (rightly or wrongly) genuinely believed he witnessed a hand-to-hand narcotics transaction between Defendant and Ty before he stopped his vehicle and approached the scene.

  Of course, the subsequent incidents involving Perrin might be grounds for cross-examining him at trial, and this Court will consider appropriate motions *in limine* to determine whether and how those incidents can be used. But in light of the compelling corroborating circumstantial evidence, this Court declines to reconsider its denial of Defendant's motion to suppress.

For the reasons stated above, Defendant's Motion for Reconsideration, ECF 95, will be denied. A separate Order follows.


Dated: November 7, 2023                                   /s/
                                              Stephanie A. Gallagher
                                              United States District Judge